UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUEL ROUNDTREE,<br><br>                           Plaintiff,<br><br>-against-<br><br>NYC; NY HEALTH & HOSPS; CORIZON MEDICAL; MEDICAL ADMINISTRATOR ROBERTS; DR. ARKADY CHERCHOVER; GRVC DENTIST (JOHN DOE #1); DR. SAN JOSE; JANE DOES # 1-5; JOHN DOES # 2-10,<br><br>                           Defendants. | 19-CV-2475 (CM)<br><br>ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Orleans Correctional Facility, brings this action *pro se*. Plaintiff has not paid the filing fees to bring this action or submitted an application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"), and a prisoner authorization. Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Roundtree v. New York City*, No. 16-CV-4609 (CM) (S.D.N.Y. Mar. 15, 2017). That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff does not allege any facts suggesting that he is under imminent danger of serious physical injury.[2] Instead, Plaintiff alleges that beginning on June 10, 2015, he was denied adequate medical care while he was detained in the George R. Vierno Center (GRVC) on Rikers Island. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

To the extent that Plaintiff, who has not paid the filing fees to bring this action, seeks to bring this complaint IFP, the Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the Prison Litigation Reform Act's (PLRA) "three-strikes" rule.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 21, 2019
 New York, New York

COLLEEN McMAHON
Chief United States District Judge