UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUEL ROUNDTREE,

                Plaintiff,

-against-

NYC; NY HEALTH & HOSPS; CORIZON MEDICAL; MEDICAL ADMINISTRATOR ROBERTS; DR. ARKADY CHERCHOVER; GRVC DENTIST (JOHN DOE #1); DR. SAN JOSE; JANE DOES # 1-5; JOHN DOES # 2-10,

                Defendants.

19-CV-2475 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in Orleans Correctional Facility, brings this action *pro se*. Plaintiff did not pay the filing fees to bring this action, and he did not submit an application to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"), and a prisoner authorization. By order dated March 21, 2019, the Court dismissed this action because Plaintiff is barred from filing any new action IFP while a prisoner, *see Roundtree v. New York City*, No. 16-CV-4609 (CM) (S.D.N.Y. Mar. 15, 2017), and Plaintiff's complaint does not allege any facts suggesting that he is under imminent danger of serious physical injury.

    On April 15, 2019, Plaintiff submitted a motion, dated April 4, 2019, for an extension of time to file a notice of appeal (ECF No. 4), and the filing fees with a letter dated April 4, 2019, (ECF No. 5.) In his letter, Plaintiff indicates that he was unable to submit the filing fees at the time he submitted his complaint because to do so would have required that he leave the complaint in an unsealed envelope in the facility mailroom, subject to scrutiny by Defendants.

    For the reasons set forth below, the Court construes Plaintiff's April 4, 2019 letter as a motion for reconsideration, grants that motion, vacates the March 21, 2019 Order of Dismissal

and Civil Judgment, and denies Plaintiff's motion for an extension of time to file a notice of appeal as moot.

## DISCUSSION

Plaintiff's April 4 letter – which explains that he did not submit the fees with the complaint because it would have subjected his complaint to scrutiny by Defendants and which included the $400 filing fees – is construed as a motion under Federal Rule of Civil Procedure 60(b) for reconsideration of a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (holding that courts must construe *pro se* pleadings liberally); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms.").

Under Rule 60(b), Fed. R. Civ. P., a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Because Plaintiff, who is incarcerated and barred from filing any new action IFP while a prisoner, paid the filing fees to file this action, the Court grants Plaintiff's motion for reconsideration, vacates the March 21, 2019 Order of Dismissal and Civil Judgment (ECF Nos. 2, 3), and directs the Clerk of Court to reopen this action.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 5) is granted. The Court vacates the March 21, 2019 Order of Dismissal and Civil Judgment (ECF Nos. 2, 3) and directs the Clerk of Court to:

1. reopen this action;

2. docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002; and

3. mail a copy of this order to Plaintiff and note service on the docket;

Plaintiff's request for an extension of time to file a notice of appeal (ECF No. 4) is denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 1, 2019
       New York, New York

                                               COLLEEN McMAHON
                                          Chief United States District Judge