UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                                            :
JUEL ROUNDTREE,                                             :
                                                            :
                              Plaintiff,                    :           19-CV-2475 (JMF)
                                                            :
               -v-                                          :     MEMORANDUM OPINION
                                                            :          AND ORDER
NYC, *et al.*,                                              :
                              Defendants.                   :
                                                            :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiff Juel Roundtree, proceeding without counsel, brings this action against the City

of New York (the "City"), New York City Health + Hospitals Corporation ("H+H"), Corizon

Health, Inc. ("Corizon"),[1] "Medical Administrator Roberts,"[2] Dr. Arkady Cherchever, Dr. John

Mullins, Dr. Jane San Jose, and various Jane and John Does (collectively, "Defendants"),

alleging deliberate indifference to his serious medical needs, conspiracy to violate his

constitutional rights, and retaliation.  *See* ECF No. 27 ("Am. Compl.").  Roundtree also brings

state-law claims for malpractice, assault, and battery.  Defendants H+H, Corizon, the City, Dr.

Cherchever, Dr. Mullins, and Dr. San Jose (collectively, "Moving Defendants") now move,

pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the

Amended Complaint.  *See* ECF No. 56.[3]  Additionally, in a filing received by the Court on

---

[1]     Although Roundtree refers to this entity as "Corizon Medical," its correct name is
apparently Corizon Health, Inc.  *See, e.g.*, ECF No. 40.

[2]     Roberts's identity appears to be unknown.  *See* ECF No. 14.

[3]     Although the motion was filed on behalf of all Moving Defendants, defense counsel has
entered appearances on behalf of only the City, H+H, and Dr. Cherchever.  *See* ECF Nos. 13, 30.
Counsel shall promptly enter notices of appearance for the other Moving Defendants.

September 9, 2020, Roundtree requested leave to file a second amended complaint and asked for an extension of time to serve summonses on Defendants.  *See* ECF No. 81.

For the reasons stated below, the Court (1) denies the motion to dismiss the amended complaint under to Rule 12(b)(5); (2) denies the motion to dismiss the amended complaint under Rule 12(b)(6) without prejudice to renewal by letter-motion; (3) grants Roundtree's request for an extension of time to serve Defendants; and (4) directs Roundtree to provide reasons why the Court should grant his request to submit an amended pleading.

## PROCEDURAL BACKGROUND

The following procedural background concerns Roundtree's attempt to serve Defendants. On July 19, 2019, the Court directed the Clerk's Office to issue summonses as to H+H, Corizon, Dr. Cherchever, and Dr. San Jose.  *See* ECF No. 10.  The following month, the City waived service of summons.  *See* ECF No. 15.  After Roundtree filed an amended complaint and added Dr. Mullins as a Defendant, *see* ECF No. 27, the Court issued a second order of service, directing the Clerk of Court to issue a summons as to Dr. Mullins, *see* ECF No. 33.

In January of this year, the Court learned that none of the Defendants, except for the City, had been served.  *See* ECF No. 36.  In a letter addressing this issue, Roundtree alleged that he had mailed, by certified receipt, copies of the Complaint and summonses to Dr. Mullins, Dr. San Jose, Dr. Cherchever, and Corizon.  *See* ECF No. 39.  He also alleged that he had "only received the signed cardboard receipt from Corizon."  *Id.*  He did not address whether he had attempted service on H+H or Roberts.  On January 22, 2020, Defendants submitted a letter to the Court, stating that service on Dr. Mullins, Dr. San Jose, Dr. Cherchever, and Corizon did not comply with the Federal Rules of Civil Procedure because Roundtree had failed to serve these

Defendants personally or by first-class mail, as required under N.Y. C.P.L.R. § 312-a.[4]  *See* ECF No. 40.  Defendants also stated that service by certified mail on Corizon was inadequate.  *See id.*  Defendants noted that the mail to Dr. Mullins was returned to sender.  *See id.*

Roundtree responded, stating that he had "actual receipts" for Dr. Mullins and Corizon and asked the Court to consider these Defendants served.  *See* ECF No. 45.  He also asked for the opportunity to serve Dr. Cherchever and Dr. San Jose or, in the alternative, to receive assistance from the U.S. Marshal Service in serving these Defendants.

## DISCUSSION

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."  *Id.* (internal quotation marks omitted).  Where, as here, defendants "move[] to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service."  *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).  Adequate service must be made in accordance with Rule 4 of the Federal Rules of Civil Procedure, which is "to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice."  *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks omitted).  Incomplete or improper service may require dismissal, "unless it appears that proper service may still be obtained."  *Id.* (internal

---

[4]     Defendants also argue that service was — or now would be — untimely.  Rule 4(m) requires that a summons and complaint be served within ninety days after the complaint is filed. In instances like the present case, where the issuance of summonses is delayed, courts have extended the time to serve until ninety days after the date the summons is issued.  *See, e.g.*, *Elias v. City of New York*, No. 19-CV-11411 (JMF), 2020 WL 229995, at *1 (S.D.N.Y. Jan. 15, 2020).

quotation marks and emphasis omitted).  That is, in the event that service was improper, a court

may simply direct that new summonses be issued and the plaintiff attempt service again.  *See,*

*e.g.*, *Grammenos v. Lemos*, 457 F.2d 1067, 1071 (2d Cir. 1972).

Applying these standards here, the Court concludes that service was indeed improper,

except as to the City (which waived service).  Rule 4(e)(1) authorizes service in accordance with

state law.  New York, in turn, allows service of a summons and complaint by "first class mail,

postage prepaid," but the documents must be accompanied by two copies of a statement of

service for the defendant to complete and deliver.  N.Y. C.P.L.R. § 312-a(a).  Roundtree

represents that he attempted service by sending, via certified mail, copies of the Complaint and

summonses to Dr. Mullins, Dr. San Jose, Dr. Cherchever, and Corizon.  ECF No. 39.  But

whether or not these Defendants received the documents — a matter on which there seems to be

some dispute — Roundtree failed to comply with N.Y. C.P.L.R. § 312-a because he did not serve

these Defendants personally or by first-class mail.  Moreover, perhaps due to oversight,

Roundtree does not allege that he ever attempted service on H+H.  (Nor, obviously, has he

served Roberts, whose identity remains unknown.  *See* ECF No. 14.)

The Court could dismiss Roundtree's claims on that basis pursuant to Rule 12(b)(5), as

Moving Defendants request.  Nevertheless, mindful of Roundtree's *pro se* status and because

Moving Defendants received actual notice of this action and do not suggest that any Defendant

was prejudiced by the improper service attempts, the Court declines to do so.  *See, e.g.*,

*Flemming v. Moulton*, No. 9:13-CV-1324 (MAD) (RFT), 2015 WL 5147035, at *6 (N.D.N.Y.

Sept. 1, 2015) (finding that a "defect in service can be easily cured and that there would be

minimal prejudice to the Defendants in allowing Plaintiff, proceeding *pro se*, to do so as the

Defendants have actual notice of the action, and in fact have received the Summons and

Complaint"). Instead, the Court extends the deadline for Roundtree to serve the amended

complaint and summons on Moving Defendants until ninety days from the date of this

Memorandum Opinion and Order and orders as follows:

1. Defendants H+H, Corizon, Dr. Cherchever, Dr. Mullins, and Dr. San Jose shall notify the Court, **within thirty days of the date of this Memorandum Opinion and Order**, whether they will waive service of summons.

2. Should these Defendants decline to waive service of summons, they must, **by the same date**, provide the Court with addresses where each of them may be served and indicate whether each of them will accept electronic service.[5] In the event that any Defendant declines to waive service, the Court shall direct the U.S. Marshal Service to effect service on Roundtree's behalf and will order Defendants, under Rule 4(d), to pay the costs of such service. *See* Fed. R. Civ. P. 4(d)(2) ("If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service . . . .")

3. **Thirty days from the date on which these Defendants waive service or have been served**, they shall file a letter motion stating whether they wish to renew their 12(b)(6) motion. If Defendants state their intention to do so, the Court will deem the motion to be renewed and fully submitted on the existing briefs. If Defendants renew their Rule 12(b)(6) motion, no party may file supplemental papers without leave of Court.

4. **Within thirty days of the date of this Memorandum Opinion and Order,** Roundtree shall file a supplemental letter explaining what he proposes to amend in his amended complaint. Roundtree should allege any and all facts and claims that he wishes to add to the amended complaint — particularly if he believes that additional facts would cure any deficiencies identified by Moving Defendants in their motion to dismiss, as Plaintiff will not be given any later opportunity to amend the complaint to address issues raised by the motion to dismiss. In the event that Defendants renew their Rule 12(b)(6) motion, the Court will decide whether to grant Roundtree's request for leave to amend his pleading when deciding the motion to dismiss. In the event that Defendants do not renew their Rule 12(b)(5) motion, the Court will address Roundtree's request by separate order.

---

[5]     If any of the Defendants will accept electronic service, they may provide the electronic address to the Court only.

**CONCLUSION**

For the foregoing reasons, the Court (1) DENIES the motion to dismiss the amended complaint under to Rule 12(b)(5); (2) DENIES the motion to dismiss the amended complaint under Rule 12(b)(6) without prejudice to renewal by letter-motion; (3) GRANTS Roundtree's request for an extension of time to serve Defendants; and (4) directs Roundtree to provide reasons why the Court should grant his request to submit an amended pleading.  Further, the Court directs Moving Defendants to advise whether they will consent to waiving service.  If not, the Court will direct the U.S. Marshal Service to effect service on Roundtree's behalf and will likely order Defendants to cover the costs of such service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to terminate ECF No. 56 and to mail a copy of this Memorandum Opinion and Order to both Roundtree and to Corizon at 103 Powell Court, Brentwood, TN 37029.

SO ORDERED.

Dated: November 24, 2020
New York, New York

JESSE M. FURMAN
United States District Judge